SWANSON, J.,
concurring.
I concur in the opinion of Judge Roberts. I specifically agree the trial court was in error when it relied upon section 790.115(2)(a)3., Florida Statutes (2011), to deny the requested relief below. In reversing the trial court, it is not necessary to disagree with the dissent’s proposition that the firearms policy adopted by the University of North Florida (UNF) could emanate from the power vested in the state university system and the statewide Board of Governors (the Board) by the terms of article IX, section 7 of the Florida Constitution. The Board has broad power to operate, regulate, control and be fully responsible for the management of the whole university system. That power, as vested in the Board and standing alone does not, however, give UNF the authority to restrict a citizen’s right to lawfully possess a firearm in their automobile, as authorized by the Legislature in section 790.251, Florida Statutes (2011).
An argument can be made that the Board could take such action under section 1001.706(7)(b), Florida Statutes (2011). Section 1001.706(7)(b) states in pertinent part:
(7) Powers and Duties relating to property.—
[[Image here]]
(b) The Board of Governors shall develop guidelines for university boards of trustees relating to the use, maintenance, protection, and control of university-owned or university-controlled buildings and grounds, property and equipment, name, trademarks and other proprietary marks, and the financial and other resources of the university. Such authority may include placing restrictions on activities and on access to facilities, firearms, food, tobacco, alcoholic beverages, distribution of printed mate *982 rials, commercial solicitation, animals, and sound. The authority provided the board of trustees in this subsection includes the prioritization of the use of space, property, equipment, and resources and the imposition of charges for those items.
(Emphasis added.) While the Board arguably could develop guidelines to restrict on-campus access to firearms legally possessed in one’s automobile, no such guidelines have been promulgated.
The analysis in this case begins with the Legislature’s intent to occupy “the whole field of regulation of firearms” in section 790.33(1), Florida Statutes (2011). One then looks to the Legislative delegation of the power to restrict access to firearms as given the Board by way of section 1001.706(7)(b), and the Board’s authority to develop guidelines regarding the control of firearms. Operative statutory language material to prohibiting secured firearms in conveyances parked on campus is that the Board’s authority “may include placing restrictions on ... access to ... firearms[.]” § 1001.706(7)(b), Fla. Stat. (2011) (emphasis added). Pursuant to the above-referenced statutory authority, the Board has implemented a regulation. Board of Governors’ Regulation 1.001(7)(g) states in full:
Each board of trustees shall be responsible for the use, maintenance, protection, and control of, and the imposition of charges for, university-owned or university-controlled buildings and grounds, property and equipment, name trademarks and other proprietary marks, and the financial and other resources of the university.
(Emphasis added.) This regulation only generally addresses a university’s responsibility for the protection of its buildings and grounds. It does not address firearms lawfully possessed in one’s automobile. The Board’s regulatory silence on the lawful possession of a firearm, as authorized by section 790.251, is dispositive. Thus, even if this court concluded the Board could abrogate a citizen’s right to lawfully have a firearm in one’s car while on campus, the Board has not exercised that power.
In contrast, the Legislature has accorded the right to the citizens of this state “for self-defense” to possess a “securely encased” firearm in their private conveyances. See § 790.25(5), Fla. Stat. (2011). While it may be argued the Board is not precluded by the preemptive provisions of section 790.33(1) from limiting or restricting that right, no specific action has been taken pursuant to section 1001.706(7)(b) to effectuate that purported power.
I concur with the majority’s decision to reverse the trial court’s order of dismissal and order denying injunctive relief.